# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**DENNIS J. ACOSTA-ALAMEDA., et al.,**

**Plaintiffs,**

**v.**

**BANCO POPULAR DE PUERTO RICO**, **et al.,**

**Defendants.**

**Civil No. 12-1331 (GAG)**

## MEMORANDUM OPINION

The court **DISMISSES** this case pursuant to the First Circuit's ruling in Acosta-Ramirez v. Banco Popular, 712 F.3d 14 (1st Cir. 2013). The First Circuit resolved an issue of law that addresses the merits of the claims of this case. See generally Acosta-Ramirez, 712 F.3d at 15-21.

In Acosta-Ramirez, the First Circuit held, "[N]o court shall have jurisdiction over" claims where the movants "either failed to file administrative claims with the FDIC or failed to challenge in federal court the FDIC's disallowance of their administrative claims." Id. at 15 (quoting 12 U.S.C. § 1821(d)(13)(D)). The court elaborated, "[P]laintiffs' failures to comply with the FDIC administrative claims process trigger[ed] [a] statutory bar, and . . . [plaintiffs] may not avoid the jurisdictional bar by failing to name the FDIC as a defendant." Id.

The First Circuit foresaw that "the issues presented are likely to recur, and an opinion will provide useful precedent." Id. Indeed, Plaintiffs moved to stay this case because Acosta-Ramirez shared "several controlling issues of law with the case at bar . . . ." (Docket No. 27.) Defendants state that Plaintiffs' counsel also represented that the resolution of Acosta-Ramirez would determine the outcome of this case. (See Docket No. 27 at 2 n.1.) Plaintiffs were not only afforded the

**Civil No. 12-1331 (GAG)**

opportunity to respond to the allegation under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Puerto Rico, but the court also required Plaintiffs to do so and Plaintiffs defied the court. (See Docket No. 38.) Furthermore, Magistrate Judge McGiverin recommended staying this case after assessing the similarities between it and Acosta-Ramirez. (See Docket No. 30.)

The factual and procedural background of this case requires the same legal conclusion as the First Circuit's holding in Acosta-Ramirez. Nothing indicates that Plaintiffs followed the statutory prerequisites for bringing suit. (See generally Docket No. 16-3.) Defendants claim that Plaintiffs failed to meet this requirement, and Plaintiffs declined to oppose the allegation in dereliction of their prerogative under federal and local rules and in direct defiance of a court order. Ultimately, Acosta-Ramirez binds the court and dictates dismissal for lack of subject matter jurisdiction. Plaintiffs seemingly failed to exhaust the administrative claims process outlined in the Financial Institutions Reform, Recovery and Enforcement Act and cannot bypass Section 1821(d)(13)(D)'s jurisdictional bar by suing Popular. See Acosta-Ramirez, 716 F.3d at 15. This case is **DISMISSED**.

For the abovementioned reasons, the court **GRANTS** Defendants' motions to dismiss at Docket No. 37.

**SO ORDERED.**

In San Juan, Puerto Rico this 30th day of May, 2013.

/S/ Gustavo A. Gelpí
GUSTAVO A. GELPI
United States District Judge